UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THANH NGUYEN,

                Petitioner,                      Case No. 1:26-cv-1696

v.                                        Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## **<u>ORDER</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) In an order entered on May 28, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on May 29, 2026, (ECF No. 4), and Petitioner filed a reply on June 2, 2026. (ECF No. 5.)

In Respondents' response, Respondents concede that under *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), Petitioner is entitled to a bond hearing. (Resp., ECF No. 4, PageID.45). Respondents argue that the Court should dismiss this case because if the Petitioner asks for a bond hearing, he will be given one. (*Id.*) Respondents acknowledge that the response "does not include factual support for Respondents' determination regarding Petitioner[,]" and stated that "Respondents will provide a supplemental

response if the Court determines that information is needed to resolve this matter." (*Id.*, PageID.44.)

In Petitioner's § 2241 petition, Petitioner states that he entered the United States "approximately 1 year ago," at which time he was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). (Pet., ECF No. 1, PageID.6, 17.) Petitioner suggests that his parole was still active at the time of his arrest. (*Id.*, PageID.18.) Based on this information, the Court will require Respondents to provide additional information in response to Petitioner's § 2241 petition.

Accordingly,

**IT IS ORDERED** that within three business days, Respondents shall submit a written response addressing whether Petitioner was previously released or paroled into the United States by immigration officials. If Petitioner was previously released or paroled into the United States, Respondents shall indicate the statutory basis for the release or parole into the United States in their written response, and Respondents shall provide copies of the relevant documents that show the statutory basis for Petitioner's release or parole into the United States and any conditions imposed on Petitioner during the release or parole. If Respondents are unable to provide copies of these documents, they shall provide an explanation in their response as to why they are unable to do so. To the extent that Petitioner was paroled into the United States, Respondents shall address the status of that parole at the time of Petitioner's arrest, including whether that parole had expired or was revoked. If Petitioner chooses to submit any further briefing, Petitioner may do so within three business days of Respondents' submission.

Dated:   June 15, 2026                      /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            For the Honorable Paul L. Maloney
                                            United States District Judge

2